1 | John A. Yanchunis (*pro hac vice*)
2 | jyanchunis@forthepeople.com
  | Morgan & Morgan Complex Litigation Group
3 | 201 North Franklin Street 7th Floor
  | Tampa, Florida  33602
4 | (813) 223-5505 (tel)
  | (813) 223-5402 (fax)
5 |
6 | *Attorneys for Plaintiffs and the Proposed Class*

7

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEWIS, DANIELLE HALL, JUSTIN THORNTON, on behalf of themselves and all others similarly situated, | Case No.: 2:16-cv-03557-FMO-AGR **CLASS ACTION** |
| | **NOTICE OF PROPOSED ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE TO THE SETTLEMENT CLASS AND SETTING FINAL FAIRNESS HEARING** |
| Plaintiffs, | |
| v. | |
| GREEN DOT CORPORATION; GREEN DOT BANK; MASTERCARD INCORPORATED; and MASTERCARD INTERNATIONAL INCORPORATED, | |
| Defendants. | |

1

### NOTICE OF PROPOSED ORDER

2

PLEASE TAKE NOTICE Plaintiffs Jason Lewis, Danielle Hall, and Justin

3

Thornton will and hereby do respectfully submit to the Court the following Proposed

4

Order for preliminary approval of the Settlement, certification of the proposed settlement

5

class, directing notice to the Settlement Class and a schedule for final settlement approval.

6

The Parties conferred for the drafting of this Proposed Order which was

7

incorporated and made a part of the Amended Settlement Agreement as Exhibit F.  This

8

Proposed Order was omitted from the pleadings filed on February 13, 2017 as part of

9

Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class Action

Settlement.  [ECF Doc. 90.]

10

11

DATED: February 15, 2017          Respectfully submitted,

12

By: /s/ John A. Yanchunis

13

**MORGAN & MORGAN**

**COMPLEX LITIGATION GROUP**

14

John A. Yanchunis

15

201 North Franklin Street 7th Floor

Tampa, Florida 33602

16

(813) 223-5505

(813) 223-5402 (fax)

17

18

*Proposed Lead Counsel*

19

20

21

22

23

24

25

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

JASON LEWIS, DANIELLE HALL,
JUSTIN THORNTON, on behalf of
themselves and all others similarly
situated,

             Plaintiffs,

v.

GREEN DOT CORPORATION;
GREEN DOT BANK;
MASTERCARD INCORPORATED;
and MASTERCARD
INTERNATIONAL INCORPORATED,

             Defendants.

Case No.: 2:16-cv-03557-FMO-AGR

**CLASS ACTION**

**[PROPOSED] ORDER CERTIFYING
A SETTLEMENT CLASS,
PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT,
DIRECTING NOTICE TO THE
SETTLEMENT CLASS AND
SETTING FINAL FAIRNESS
HEARING**

This matter came before the Court on Plaintiffs' Unopposed Amended Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement. Having reviewed and considered all the briefing filed with respect to Plaintiffs' initial Motion, the oral argument presented at the hearing on January 12, 2017, and supplemental briefing filed with respect to Plaintiffs' Amended Motion, the Court concludes as follows:

## **BACKGROUND**

On May 14, 2016, at 7:00 p.m. EDT, the Green Dot Defendants ("Green Dot") launched the third wave of conversion of its processing services for its Prepaid Cards to its new provider, a unit of MasterCard International Incorporated ("MasterCard"). Once the Green Dot system went live after the conversion, some Cardholders noted various issues, including 1) active cards reflected as inactive; 2) incorrect card balances causing declined transactions; 3) authorization holds incorrectly applied twice, causing declined transactions; 4) duplicate charging of monthly maintenance fees; and, 5) delays in activating new cards. Some of these issues occurred sporadically until May 22, 2016.

This consolidated litigation is a result of two putative class actions, *Lewis, et al. v. Green Dot Corporation,* No. 2:16-cv-03557 (C.D. Cal.), and *Crook v. Green Dot Corporation*, No. 2:16-cv-04172 (C.D. Cal.), related to some Cardholders' inability to access or to spend their funds due to technical issues that arose during the conversion. Plaintiffs Jason Lewis, Danielle Hall, and JC Montgomery filed the *Lewis* complaint on May 22, 2016 and Plaintiff Kathleen Crook filed her suit on June 10, 2016 and asserted materially similar claims as the *Lewis* Action. On July 14, 2016, the Court consolidated the *Lewis* and *Crook* Actions. (*See* Dkt. No. 63).

On September 9, 2016, Plaintiffs Jason Lewis, Danielle Hall, and Justin Thornton filed a consolidated complaint on behalf of all Cardholders affected by the Service Disruption. Named Plaintiffs alleged that Defendants' failure to make their money available to them violated the California False Advertising Act, Cal. Bus. & Prof. Code §17500, *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code

§17200, *et seq.*, and constituted negligence, unjust enrichment, breach of contract, conversion, and breach of bailment contract. (*See* Dkt. No. 70).

After intensive and informed arm's-length negotiations, the Parties reached a settlement to provide benefits that are tailored to the losses suffered by Settlement Class Members as a result of the Service Disruption, address the issues raised in the litigation and provide significant and prompt relief to the proposed Settlement Class Members.

On January 12, 2017, a hearing was held on Plaintiffs' unopposed motion for preliminary approval of class action settlement with counsel for both Plaintiffs and Defendants present. At the hearing, the Court provided the parties with the Court's view of the initially proposed settlement, advised the parties of its concerns with the proposed settlement, and directed the parties to address them in a supplemental submission.

After renewed intensive and informed arm's-length negotiations, the Parties reached agreement to amendments to the settlement which addressed the Court's stated concerns. At the direction of the Court, on February 13, 2017, Plaintiffs filed an unopposed amended motion for preliminary approval of class action settlement with supplemental briefing.

In their amended motion, Plaintiffs seek an Order (1) preliminarily approving the proposed Settlement; (2) certifying the proposed Settlement Class under Rule 23(b)(3); (3) appointing lead counsel (John A. Yanchunis of Morgan & Morgan Complex Litigation Group) and class counsel (Richard D. McCune and Joseph G. Sauder of McCune Wright Arevalo LLP, Jean Sutton Martin of Law Office of Jean Sutton Martin PLLC, and Daniel C. Girard and Linh G. Vuong of Girard Gibbs LLP) to serve as counsel for the certified class under Rule 23(g); (4) approving and ordering dissemination of the proposed class notice and forms pursuant to the Notice Plan set forth in the Amended Settlement Agreement; (5) approving Consumer Action as the *cy pres* beneficiary; and (5) scheduling a Final Approval Hearing.

 **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

**Preliminary Settlement Approval:**

1.    The Parties have moved the Court for an order approving the Settlement of the Actions in accordance with the Amended Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement, and the Court having read and considered the Amended Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Amended Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 24 of this Order.

2.    The Court finds that, subject to the Final Approval Hearing, the Amended Settlement Agreement is fair, reasonable, and adequate, falls within the range of possible approval, does not improperly grant preferential treatment to class representatives or segments of the class, has no obvious deficiencies, and is in the best interests of the Settlement Class set forth below.  The Court further finds that the Amended Settlement Agreement substantially fulfills the purposes and objectives of the First Amended Consolidated Complaint, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Amended Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Certification of the Settlement Class:**

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement only, the following

Settlement Class as defined in the Amended Settlement Agreement:

> All cardholders, as identified in Green Dot Defendants' business records, who attempted to and were unable to use their Green Dot-issued, MasterCard-processed cards to access or spend their account funds from May 15, 2016 through May 22, 2016 as a result of the Service Disruption.

4.     Excluded from the Settlement Class are the Court, the officers and directors of Defendants, persons who have been separately represented by an attorney and entered into a separate settlement agreement, and persons who timely and validly request exclusion from the Settlement Class.

5.     With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this settlement only, that the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Named Plaintiffs, representing the Settlement Class, are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Named Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is a superior method for fairly and efficiently adjudicating the Actions.

**Settlement Class Representatives and Settlement Class Counsel:**

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Court designates the following Named Plaintiffs as the

Settlement Class Representatives: Jason Lewis, Danielle Hall, and Justin Thornton. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Settlement Class and that they will adequately protect the interests of the Settlement Class.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Court finds that the following are competent, experienced and adequate counsel and are hereby designated as Settlement Class Counsel: (Lead) John A. Yanchunis of Morgan & Morgan Complex Litigation Group; Richard D. McCune and Joseph G. Sauder of McCune Wright Arevalo LLP; Jean Sutton Martin of Law Office of Jean Sutton Martin PLLC; and, Daniel C. Girard and Linh G. Vuong of Girard Gibbs LLP.

**Notice and Administration:**

8.     The Court approves, as to form, content, and distribution, the Claim Form attached to the Amended Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Amended Settlement Agreement and Exhibits B-D, thereto, and the Court finds that such Notice Plan is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise members of the Settlement Class of the pendency of the *Lewis* Action, the terms of the Amended Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9.     The Court approves the appointment of Epiq Systems as Settlement Administrator to supervise and administer the notice procedure, as well as the processing

6

of Claims as more fully set forth in the Amended Settlement Agreement and below.

10.     Pursuant to Section VI of the Amended Settlement Agreement, the Settlement Administrator is directed to publish the Short Form and Long Form Notices and Claim Form on the Settlement Website, and to send the direct Mail Notice via U.S. Mail in accordance with the Notice Plan called for by the Amended Settlement Agreement by thirty (30) days following the entry of this Order.   The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of Claims online.

**Settlement Benefits and Claims Process:**

11.     The Parties shall carry out the Settlement and Claims Process according to the terms of the Amended Settlement Agreement.

12.     The valuable benefits made available pursuant to the settlement squarely address the issues raised in the litigation and the concerns previously raised by this Court and provide significant relief to the Settlement Class Members.

13.     The Court takes notice that Defendants have provided benefits previously to many Settlement Class Members as described in the Amended Settlement Agreement. Without requiring Court approval, Defendants provided two benefits to compensate some Settlement Class Members for inconveniences and losses as a result of the Service Disruption.  Settlement Class Members with an active Green Dot account received a two-month Fee Holiday. During this period, most Settlement Class Members were not assessed any monthly maintenance fees on their Green Dot accounts. Some Settlement Class Members with an active Green Dot account also received a $50 credit to their account.

14.     The Amended Settlement Agreement further provides that Settlement Class Members will be entitled to a one-month extension of the Fee Holiday that Green Dot previously provided. Settlement Class Members will not be required to submit Claim Forms to receive that benefit.

7

15.     Additionally, the Amended Settlement Agreement provides tiered relief for the reimbursement of qualified losses resulting from the Service Disruption.  In order to be entitled to participate in the Settlement for cash payments under Tier 2 or 3 of Section IV of the Amended Settlement Agreement, Settlement Class Members must complete and submit their Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or received by the Settlement Administrator within thirty (30) days after the Effective Date as defined in the Settlement Agreement.

16.     The Settlement Administrator, subject to the supervision of Class Counsel and the Court, and pursuant to Section IV of the Amended Settlement Agreement and the records provided by Green Dot, will make administrative determinations concerning the acceptance and rejection of Claim Forms submitted.  Green Dot will confirm, according to its business records, that the Settlement Class Member held a qualifying Prepaid Card at the time of the Service Disruption and attempted to and was unable to use or activate such card as a direct result of the Service Disruption. By submitting a Claim Form, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim submitted, and the Claim will be subject to investigation and discovery, if any, under the Federal Rules of Civil Procedure, provided that such investigation and discovery of Settlement Class Members shall be limited to their status as a Settlement Class Member and the validity and amount of their Claim.

17.     Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to participate in the distribution of funds under Tiers 2 and 3 of Section IV of the Amended Settlement Agreement, but nonetheless will be bound by all the terms of the Amended Settlement Agreement, including the releases provided for therein, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting Settlement Class Members.

18.     The Amended Settlement Agreement provides a guaranteed minimum

payment of $1,500,000.00 for claims made under Tiers 2 and 3. If an insufficient number of valid and timely claims are submitted and paid under Tiers 2 and 3 of the Settlement to exhaust the minimum payment amount of $1,500,000.00, then the remaining funds shall be distributed to the *cy pres* recipient noted below.

19.     The Court approves Consumer Action, a non-profit corporation that provides financial advocacy to consumers nationwide, as the *cy pres* beneficiary.  The Court finds that there is a sufficient nexus between the class and those served by Consumer Action such that any *cy pres* award of excess settlement funds qualifies as the next best distribution to settlement funds flowing directly to Settlement Class Members.

**Exclusion and Objection Procedures:**

20.     The Court approves, as to form, content, and distribution, the Request For Exclusion Form attached to the Amended Settlement Agreement as Exhibit E.

21.     Settlement Class Members may exclude themselves from the Settlement by completing and mailing the proposed exclusion form, or any written notice, to the Settlement Administrator, postmarked no later than 75 days after the Notice Deadline.

22.     Members of the Settlement Class who opt out of the Settlement will relinquish their rights to benefits under the Amended Settlement Agreement and will not release their claims.   However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Amended Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Amended Settlement Agreement.

23.     Settlement Class Members may also object to the Settlement, and Class Counsel's request for attorneys' fees and costs, and Service Awards. To do so, a Settlement Class Member cannot opt out of the Settlement, and must submit the objection in writing electronically or by mail to the Court as identified in the Notice, postmarked no later than 75 days after the Notice Deadline.  The objection must set forth, among other things, (a) the case name; (b) the objector's name, address, Prepaid Card account number,

and telephone number; (c) explanation of membership in Settlement Class; (d) grounds for objection; and (e) identity of representing counsel, if any.

**Final Approval Hearing:**

24.      The Court will hold the Final Approval Hearing under Rule 23(e) of the Federal Rules of Civil Procedure at [time] on [date], in Courtroom 6D, 6th Floor, at the United States Courthouse, 350 W. 1st Street, Los Angeles, California, to determine, among other things, whether: (a) the proposed settlement on the terms and conditions provided for in the Amended Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a  judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of the attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of the Service Awards to the Named Plaintiffs.

25.      By no later than twenty-one (21) days prior to the Objection Deadline, Plaintiffs shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses and for Service Awards.  By no later than seven (7) days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards for each Named Plaintiff.

**Further Matters:**

26.      Terms, phrases and definitions in this Order shall have the same meaning as ascribed to them in the Amended Settlement Agreement.

27.      Unless otherwise specified, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

28.      All further proceedings in this Action are ordered stayed until Final Judgment

[ PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
CASE NO. 2:16-cv-03557-FMO-AGR

or termination of the Amended Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Amended Settlement Agreement.

29.     Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Action and/or Amended Settlement Agreement, whether favorable or unfavorable.

30.     If the Amended Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Amended Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the Parties will retain all rights, defenses, and positions as if the Amended Settlement Agreement was never agreed upon.

31.     In the event that the Amended Settlement Agreement is terminated pursuant to the provisions of the Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Amended Settlement Agreement shall be null and void, including any provisions related to the Attorney Fee and Expense Award, all of the Parties' obligations under the Agreement shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Actions as if the Parties had not entered into this Agreement including that all of the Parties' respective pre-Settlement claims and defenses will be preserved; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any Person or party hereto, shall not be deemed or construed to be an admission by an party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or any other action in any court or other proceeding, provided, however, that the termination of the Amended Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Amended Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Amended Settlement Agreement in the event of its termination, the Amended Settlement Agreement shall have

[ PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
CASE NO. 2:16-cv-03557-FMO-AGR

no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED.

Dated: _____

_____
Honorable Fernando M. Olguin
United States District Court Judge

12